Filed 8/29/23  P. v. Castelan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LEONARDO CASTELAN,<br><br>    Defendant and Appellant. | G061901<br><br>(Super. Ct. No. 98CF3308)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

In 2000, a jury convicted Leonardo Castelan of attempted murder (Pen. Code,[1] §§, 664, 187, subd. (a)) as well as several gang related charges; the jury also found true firearm and gang related enhancements. The trial court sentenced Castelan to 34 years to life in prison. We affirmed his conviction. (*People v. Castelan* (Nov. 26, 2002, G028337) [nonpub. opn.].)

In 2022, without the assistance of counsel, Castelan filed a petition in which he requested resentencing pursuant to section 1170.95 (later renumbered 1172.6). The trial court appointed counsel to represent him. The People filed a written response. The court conducted a hearing on September 16, 2022. At the conclusion of that hearing, the court concluded Castelan had failed to make a prima facie showing he was entitled to relief; it therefore denied his petition. Castelan filed a timely notice of appeal from that ruling.

We appointed counsel to represent Castelan on appeal. After conducting his analysis of potential appellate issues, counsel informed us in his brief he could find "no arguable issue for review." In an attached declaration, counsel further advised us "[a] staff attorney at Appellate Defenders, Inc. has also reviewed the record and has come to the same conclusion." Counsel then filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. While not arguing against his client, counsel set forth the facts of the case and asked this court to conduct its own independent review of the appellate record, which we have done.[2] Like counsel, we have been unable to find any arguable appellate issue. We therefore affirm.

---

[1] All statutory references are to the Penal Code.

[2] Although we are not required to do so in postjudgment appeals, we have exercised our discretion to review this record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, 230.

**FACTS**

Castelan and his brother were charged with the attempted murder of a rival gang member along with other gang-related crimes.

"The senseless violence commenced with two young men who shared the last name of Torres and who had too much time on their hands: Frank and Angel, neither of whom had lived up to their given names. Riding on bicycles behind a Sears store in September 1998, they noticed that certain graffiti left by NSK members had been preempted with graffiti by Frank's gang, FUS. This seemingly trivial trash triggered a cheer from Frank, who started shouting obscenities about NSK. A bit further on, they found a fence marked by both groups, further clouding Frank's countenance. Unfortunately, the Castelan brothers, standing on the other side of the fence, noticed him. They jumped the fence, with Leonardo pointing a gun at them. Frank managed to pedal away, but Angel heard a gunshot and felt something near his armpit as he attempted to flee. Although the bullet entered his back, penetrated his scapula and bruised his lung before exiting his chest, Angel managed to run to a nearby restaurant, where the cashier immediately telephoned for help." (*People v. Castelan*, *supra*, G028337.)

It was not contested by defense counsel at trial that Castelan shot the victim. Instead, he argued self-defense.

**DISCUSSION**

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess., Senate Bill 1437) was enacted to limit the scope of the traditional felony murder rule; it also eliminated the natural and probable consequences theory for murder. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Pursuant to Senate Bill 1437, murder liability can no longer be "imposed on a person who [was] not the actual killer, [who] did not act with the intent to kill, or [who] was not a major participant in the underlying felony who acted with reckless indifference to human life." (*Lewis*, at p. 959). Senate Bill 1437 also

added section 1170.95 (later renumbered § 1172.6), which created a procedure through which a "person convicted of felony murder or murder under the natural and probable consequences doctrine" can petition for relief. (§ 1172.6, subd. (a).)

Senate Bill No. 775 (2021-2022 Reg. Sess.), effective January 1, 2022, amended former section 1170.95 to expand the scope of potential relief available under the section. That section expressly permits defendants convicted of attempted murder to seek resentencing.

The first step a prisoner who seeks resentencing pursuant to section 1172.6 must take is to file a facially adequate petition which establishes a prima facie basis for relief. The Supreme Court observed in *Lewis* that "the record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971). If the "record of conviction" establishes as a matter of law the petitioner is ineligible for resentencing, the petition must be denied.

That was the case here. After Castelan's petition and the People's written response, the trial court concluded "[t]he only legal theory instructed upon was that the defendant was the actual perpetrator, which means that he is ineligible [for relief] as a matter of law." We agree.

The instructions provided to Castelan's jury included CALJIC No. 8.66 which provided the only legal theory that could serve as a basis for finding him guilty of attempted murder: "In order to prove attempted murder, each of the following elements must be proved: [¶] 1. A direct but ineffectual act was done by one person towards killing another human being; and [¶] 2. The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." When Castelan's jury thereafter found him guilty of attempted murder based on this instruction, it necessarily found that he acted with "express malice aforethought" and "a specific intent to kill." Castelan is therefore statutorily ineligible for the relief he seeks.

4

We have examined the entire record, as we must, in an effort to find any other viable issue which Castelan might argue on appeal.  Generally speaking, "an arguable issue on appeal consists of two elements.  First, the issue must be one which, in counsel's professional opinion, is meritorious.  That is not to say that the contention must necessarily achieve success.  Rather, it must have a reasonable potential for success.  Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment."  (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)  Like counsel, we have found no such issue here.

## DISPOSITION

The postjudgment order is affirmed.

GOETHALS, P. J.

WE CONCUR:

MOTOIKE, J.

DELANEY, J.

5